IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. BRT3A002360-02, LLOYD'S SYNDICATE 2987,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS JONES d/b/a Eagle Window & Siding, JACOB M. SITZE, TRENT LABRENZ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 21-CV-1217-SMY<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Certain Underwriters at Lloyd's London Subscribing to Policy No. BRT3A002360-02, Lloyd's Syndicate 2987, filed this action seeking a declaratory judgment (Doc. 1). Now pending before the Court are two motions to dismiss for lack of subject matter jurisdiction (Docs. 18, 25).

A federal court always has a responsibility to ensure that it has jurisdiction. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009); *Indiana Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 319 (7th Cir. 1998) (dismissing case for lack of jurisdiction because diversity did not exist between plaintiff and defendant underwriting syndicate). "In a diversity case, whenever there is an unconventional party (that is, someone or something other than either a natural person suing in his own rather than a representative capacity, or a business corporation) a jurisdictional warning flag should go up." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Here, the Complaint alleges the decedent Megan Labrenz left a surviving spouse, Trent Labrenz, who is domiciled and a resident of Illinois (Doc. 1, ¶ 9). The Complaint further alleges the citizenship of the parties as follows:

- Defendant Jacob M. Sitze is domiciled and a resident of Illinois (Doc. 1, ¶ 8);
- Defendant Dennis Jones d/b/a Eagle Windows & Siding is domiciled and a resident of Illinois (Doc. 1, ¶ 8);

It is unclear however where Defendant Lloyd's Syndicate 2987 should be placed for diversity purposes. While Lloyd's Syndicate 2987 asserts its foreign citizenship from England as if it were a corporation (Doc. 6), the Seventh Circuit has held that "[u]nderwriting syndicates are not corporations" and has noted that an underwriting syndicate has "the personal-liability characteristics of a general partnership and the management structure of a limited partnership." *Indiana Gas,* 141 F.3d at 316-317 (7th Cir. 1998). Therefore, an underwriting syndicate must be treated like a partnership when determining its citizenship; it is a citizen of every state of which any partner or member is a citizen. *Id.* See also, *Dexia Credit Local v. Rogan*, 629 F.3d 612, 619 (7th Cir. 2010) (noting that *Indiana Gas* held that "all of the members belonging to a Lloyd's of London syndicate to be considered for purposes of diversity jurisdiction").

Accordingly, the Motions to Dismiss (Docs. 18, 25) are **TAKEN UNDER ADVISEMENT**. Lloyd's Syndicate 2987 is **ORDERED** to file a jurisdictional statement by October 3, 2022, alleging each participating member's citizenship.

**IT IS SO ORDERED.**

**DATED: September 27, 2022**

                                                                               **STACI M. YANDLE**
                                                                               **United States District Judge**