IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON SUBSCRIBING TO POLICY NO. BRT3A002360-02, LLOYD'S SYNDICATE 2987,<br><br>Plaintiff,<br><br>vs.<br><br>DENNIS JONES d/b/a Eagle Window & Siding, JACOB M. SITZE, TRENT LABRENZ, individually and as special administrator of estate of Megan Labrenz, deceased,<br><br>Defendants. | Case No. 21-CV-1217-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Certain Underwriters at Lloyd's London Subscribing to Policy No. BRT3A002360-02, Lloyd's Syndicate 2987 ("Lloyd's") filed this action seeking a declaratory judgment (Doc. 8). Now pending before the Court are the motions to dismiss filed by Defendant Jacob M. Sitze (Doc. 25) and Defendant Trent Labrenz, individually and as Special Administrator of the Estate of Megan Labrenz, deceased (Doc. 18). Seeking dismissal under Federal Rule of Civil Procedure 12(b)(1), Defendants argue that this Court lacks subject matter jurisdiction pursuant to the *Wilton/Brillhart* abstention doctrine.

On May 13, 2021, Plaintiff Trent Labrenz, individually and as Special Administrator of the Estate of Megan Labrenz, deceased, filed a wrongful death lawsuit against Jacob Sitze, Eagle Windows & Siding, Inc. d/b/a Eagle Home Improvement ("Eagle"), and several other defendants

in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Case No. 2021-L-619) (Doc. 3-1).  The lawsuit stems from an automobile accident involving Megan Labrenz and Sitze in which Megan Labrenz was fatally injured.  The Complaint alleges willful and wanton negligence against Sitze, and claims against Eagle under *respondeat superior* for negligent entrustment, negligent supervision, and negligent retention based upon Eagle's employment of Sitze and ownership of the truck driven by Sitze.

Lloyd's issued a Commercial General Liability Insurance Policy to Dennis Jones d/b/a Eagle Windows & Siding for the policy period May 1, 2020 to May 1, 2021.  (Doc. 1-1 at p. 69).  Eagle tendered the defense of the underlying lawsuit to Lloyd's.  (*Id.* at p. 70).  Lloyd's subsequently filed the instant declaratory judgment action seeking a judicial declaration that it does not have a duty to defend and/or indemnify Eagle or Sitze in the underlying wrongful death action.

On November 29, 2021, Plaintiff filed a separate declaratory judgment action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, naming Lloyd's, Eagle, and Sitze as defendants and seeking a declaration that Lloyd's has an obligation to defend and indemnify Sitze, Jones, and Eagle in relation to the wrongful death suit. (Doc. 1-1 at pp. 2-21).  Lloyd's removed that case to this court, asserting diversity citizenship jurisdiction pursuant to 28 U.S.C. § 1332. *See Trent Labrenz, individually and as special administrator of the estate of Megan Labrenz, v. Certain Underwriters at Lloyd's, London Subscribing to Policy No. BRT3A002360-02, Lloyd's Syndicate 2987, and Dennis Jones d/b/a Eagle Window & Siding, Jacob M. Sitze, and Eagle Window & Siding, Inc. d/b/a Eagle Home Improvement, Case No. 3:21-cv-01793-SMY* (S.D. Ill. 2021).

District courts have substantial discretion in deciding whether to declare the rights of litigants and may, in the sound exercise of their discretion, stay or dismiss an action seeking a declaratory judgment in favor of an ongoing state court case.  *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-495 (1942); *see also Wilton*, 515 U.S. at 288.  Such a stay may be appropriate when only declaratory relief is sought and parallel state proceedings are ongoing.  *R&R Street & Co., Inc.*, 569 F.3d at 715 *see also Provident Tradesmens Bk. & Tr. Co. v. Patterson*, 390 U.S. 102, 126 (1968).

Because the Court has denied the motions to remand filed in *Case No. 3:21-cv-01793*, parallel state proceedings are not ongoing, and the *Wilton/Brillhart* abstention doctrine does not apply.  Accordingly, the motions to dismiss (Docs. 18, 25) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  November 3, 2022**

_____
**STACI M. YANDLE**
**United States District Judge**